## WILLIAMSON'S CASE.

*Supreme Court, First District; At Chambers, June,* 1865.

COMMITMENT BY SPECIAL SESSIONS.—RECORD OF CONVICTION.— HABEAS CORPUS.

It is not necessary, upon a conviction by the Court of Special Sessions in the city and county of New York, that a record should be filed.[*]

If it were—*it seems*, that the omission to file one would not be ground for discharging the prisoner upon *habeas corpus*.

[*] Compare also the case of THE TWELVE COMMITMENTS, *Ante*, 394.

In DE LA MONTANGE'S CASE (before HOFFMAN, *Recorder* of the city and county of New York, November, 1864), it was held that the filing of a record of conviction is essential to the validity of a commitment by a police justice for vagrancy.

In this case, upon the application of the relator's counsel, the recorder allowed a writ of *habeas corpus*, directed to the superintendent of the "House of Refuge," directing him to produce before him William De La Montange.

The superintendent produced the boy, and made a return to the writ that he detained him by virtue of a commitment made by one of the police justices of the city of New York, upon a conviction of vagrancy.

No question was made as to the form or sufficiency of the commitment itself,

_Habeas corpus_, to inquire into the detention of John William-
son, who was imprisoned in the House of Refuge.

INGRAHAM, P. J.—A writ of _habeas corpus_ was allowed in
this case, and a return is made that the prisoner is held by

---

but it appeared that no record of conviction was ever filed in the office of the
Clerk of the Court of General Sessions.

_John Quackenbush_, for the petitioner.

_Henry A. Cram_, for the respondent, insisted that the statute requiring that a
record of conviction should be filed in cases of conviction of vagrancy, is di-
rectory merely ; and that a failure on the part of the magistrate to file such
record does not invalidate the conviction.

HOFFMAN, _Recorder._—The subject of the powers of magistrates, in cases of sum-
mary convictions, was very fully and very ably discussed by Circuit-judge EDMONDS,
in the case of The People _a._ Eliza Philips, reported in 1st Parker's Criminal Re-
ports, 95 ; and in that case he expressly decided that such powers, being in de-
rogation of the common law, must be strictly conformed to, and be exercised in
accordance with the special statute from which they were derived ; and that, in
every case of summary conviction, a record must be made up, as a prerequisite to
a commitment,—1st, for the protection of the accused ; 2d, for the protection of
the magistrate ; and 3d, because, in the absence of any right of appeal, it was
the only way in which a sentence could be reviewed by _habeas corpus_ or certiorari
founded on the record.  In the course of his opinion, he says : "It is a well-es-
tablished rule, that a record is an absolute prerequisite to a commitment." And,
quoting from "Ward's Justice" in relation to the rule at common law, he says :
"There must be a record of the whole proceedings ; wherein the justice must set
forth the particular manner and circumstances, so that, if called to an account
for the same by a superior court, it may appear that he hath conformed to the
law, and not exceeded the bounds prescribed to his jurisdiction."

He cites, also, 1st Bay's South Carolina Reports, which decides that, "If there
is not a record of conviction, &c., &c., the common law will ' break in upon' the
justices and level all their proceedings."

Without referring more particularly to the case as decided by Judge EDMONDS,
I think a reference to the phraseology of the acts of the Legislature, in reference
to convictions for vagrancy, will sustain his conclusion " that a record is a pre-
requisite to a commitment."

The act of January 23, 1833, chapter 11 of the Laws of 1833, provides for the
trial and conviction of vagrants by magistrates in the city of New York ; and
section 3 provides as follows :

" If such magistrate shall be satisfied, &c., &c., he shall make up and sign a
record of conviction, which shall be filed in the office of the clerk of the Court
of Sessions ; and shall by warrant under his hand and seal commit, &c., &c.

This law thus directs the record to be made and filed ; and that direction, in
the order of language, precedes the direction as to the commitment.

The same provision, in precisely the same phraseology (except as regards the

virtue of a commitment from the Special Sessions, on a conviction before that court.

The conviction and commitment appear to be valid; and where that is the case, it is the duty of the magistrate to remand the prisoner.

It is urged that no record of conviction has been filed in the county clerk's office, and therefore the prisoner should be discharged. No such fact appears before me; and even if it did, it is hardly a proper inquiry on *habeas corpus*, where the statute has made it the duty of the magistrate not to extend his inquiry behind the commitment.

Besides, the necessity of filing the record of conviction on trials before the Special Sessions has ceased. The act of 1858, 441, ch. 282, § 5, provides that transcripts of convictions shall

---

place of filing the record), is found in the statute applicable to the State at large. (See vol. ii., 5 ed. *Rev. Stat.*, 879.)

The fair inference from the language of the law is, that even if the record is not to precede the commitment, it is to be made and filed contemporaneously therewith, and that both are essential to a legal conviction.

The subsequent acts of the Legislature have not added any thing, or taken any thing from these statutory provisions relating to the city of New York. Chapter 183 of the Laws of 1853 merely prescribed the form of the record, and chapter 268 of the Laws of 1855 prescribed a different and more particular form.

The original statutory provision, in the language quoted as above, stands unchanged.

It is clear to my mind that the Legislature intended that the record and commitment should be both essential; that without a record there should be no commitment,—and this precaution was for the protection of the citizen, and absolutely necessary for that purpose, as shown by Judge EDMONDS. That part of the statute which requires a record to be made and filed, is no more directory than that part which provides for a commitment.

Without a commitment, there can be no lawful imprisonment; and without a record, there can be no lawful commitment.

I have been referred by counsel for respondent to the decision of Justice SCRUG-HAM, in the case of The People on the relation of Thomas Hovey.

Without examining that case at length, it is enough to say that Justice SCRUG-HAM placed his decision on the ground that the conviction was in the Special Sessions of Kings County, and that the statute applicable thereto did not require (what is called) "the certificate of conviction" to be filed until twenty days after conviction. (3 *Rev. Stat.*, 5 ed., 1011, § 68.) Of course, under that provision, it could not be claimed that the filing of a record or certificate was a prerequisite to a commitment.

For the reason above given, I order the discharge of William De La Montange.

not be required to be filed, but makes a certified copy by the clerk of the Court of Special Sessions evidence.

A similar provision may be found in the act of 1830, ch. 42.

There are cases where convictions take place before other officers than those holding the Special Sessions, where it is necessary that a record of conviction should be filed. Such, for instance, as that provided for by the 3d section of the act of 1833, ch. 11, where it is to be filed with the clerk of the Court of Sessions. This, however, does not apply to the Court of Special Sessions.

The prisoner should be remanded.